Kenneth L. Tucker - I.D. #002001
Daniel P.J. Miller – I.D. #009769
Kevin J. Tucker - I.D. #013437
**TUCKER & MILLER, L.L.L.P.**
1440 E. Missouri avenue
Suite C-150
Phoenix, Arizona 85014
Facsimile No.: 602) 870-5255
kevint@tucker-miller.com
Telephone No.: (602) 870-5511

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Laura Bulluck, wife of Darryl Wayne Bulluck, deceased, on behalf of herself and on behalf of statutory beneficiaries, Gloria Bulluck, mother of Darryl Wayne Bulluck, deceased, Natalie Bulluck, natural daughter of Darryl Wayne Bulluck, deceased, Desiree Bulluck, natural daughter of Darryl Wayne Bulluck, deceased, and Lashauna Bulluck, natural daughter of Darryl Wayne Bulluck, deceased,

Plaintiff,

vs.

The United States of America,

Defendant.

NO.

**COMPLAINT**

Plaintiff, through her undersigned counsel, alleges as follows:

1. Plaintiff is a resident of Maricopa County, Arizona and all of the events complained of herein occurred in Maricopa County in the State of Arizona.

2. Plaintiff is the wife of Darryl Wayne Bulluck, deceased, and brings this action on behalf of herself and the statutory beneficiaries Gloria Bulluck, mother of Darryl Wayne Bulluck, deceased, and Natalie Bulluck, Desiree Bulluck, and LaShauna Bulluck, natural daughters of Darryl Wayne Bulluck, deceased.

3. The U.S. Department of Veterans Affairs is an agency of The United States of America.

4. The U.S. Department of Veterans Affairs operates a hospital located in Phoenix, Arizona (hereinafter "the Veteran's Administration hospital").

5. This action arises under and this Court has jurisdiction over the Plaintiff's claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq.

6. Plaintiff and the statutory beneficiaries have properly filed administrative claims with the United States Department of the Interior. A denial of the claims, dated December 22, 2015, was received via certified mail.

7. In December 2013 Darryl Wayne Bulluck was admitted to the Veteran's Administration hospital in Phoenix, Arizona to be treated for a sickle cell crisis.

8. Upon information and belief, Alejandro Pena, Jr., M.D. was an employee and medical resident practicing at the Veteran's Administration hospital in early December 2013 and provided care and treatment for Darryl Wayne Bulluck, deceased.

9. Upon information and belief, Paul Duntley, M.D. was a physician and employee practicing at the Veteran's Administration hospital in early December 2013 and was the attending physician assigned to oversee the care provided by Alejandro Pena, Jr., M.D. to Darryl Wayne Bulluck, deceased.

10. The care provided by Defendant to Darryl Wayne Bulluck, deceased fell below the requisite standard of care and was negligent.

11. The care provided by Defendant including, but not limited to, the prescribing of certain medications and medication amounts, to Darryl Wayne Bulluck, deceased, fell below the requisite standard of care and was negligent.

12. The care provided by Defendant including, but not limited to, creating or altering Darryl Wayne Bulluck's, deceased, pain management therapy regimen fell below the requisite standard of care and was negligent.

13. The care provided by Defendant including, but not limited to, failing to obtain an adequate pain management consultation fell below the requisite standard of care and was negligent.

14. As a result of Defendant's negligence Darryl Wayne Bulluck, deceased, died.

15. Defendant owed Plaintiff a duty to use reasonable care when providing care and treatment to Darryl Wayne Bulluck, deceased.

16. Defendant negligently breached its duty to use reasonable care when providing care and treatment to Darryl Wayne Bulluck, deceased.

17. Defendant's negligence proximately caused the death of Darryl Wayne Bulluck.

18. The Plaintiff and the statutory beneficiaries have been irreparably harmed by the Defendant's conduct causing the death of Darryl Wayne Bulluck.

19. The Plaintiff and the statutory beneficiaries are entitled to damages in amounts to be proven at trial for all of the harms and losses caused by the Defendant's negligent conduct.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. For loss of affection, love, companionship, support, advice, counsel, and all other attributes of a loving family relationship as a result of the death of Darryl Wayne Bulluck, all in amounts to be proven at trial;

B. For costs incurred and accruing; and

C. For such other and further relief as this Court may deem just and proper under the circumstances.

**DATED** this 17th day of February, 2016.

TUCKER & MILLER, L.L.L.P.

By: *s/ Kevin J. Tucker*
Kenneth L. Tucker
Kevin J. Tucker
Attorneys for Plaintiff

`